UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAWN ZANDER,

    Plaintiff,

  v.

NEW HAMPSHIRE INDEMNITY COMPANY,

    Defendant.

Case No. C05-5154FDB

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

## INTRODUCTION

Plaintiff Zander was insured by Defendant New Hampshire Indemnity Company. Zander was involved in an accident while driving her van. Zander brings this cause of action for, among other things, bad faith related to the under-insured motorist (UIM) and collision coverage and for dismissal of the attorney's fees.

Defendant New Hampshire Indemnity Company moves for partial summary judgment of the bad faith claims related to the UIM and collision coverage and for dismissal of the attorney's fees claims related to the UIM and collision claims.

Defendant argues that Zander did not make a claim for UIM benefits under her policy, and that Defendant could not have acted in bad faith as to that claim. Defendant also argues that Zander settled her dispute with AIG Claims Services during the appraisal process, and that this settlement operates as accord and satisfaction precluding Zander from raising bad faith claims and breach of contract with respect to the collision claim.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the moving party establishes that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond

ORDER - 1

the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). Inferences drawn from the facts are viewed in favor of the non-moving party. *T.W. Elec. Service v. Pacific Elec. Contractors,* 809 F.2d 626, 630-31 (9th Cir. 1987).

Summary judgment is proper if a defendant shows that there is no evidence supporting an element essential to a plaintiff's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Failure of proof as to any essential element of plaintiff's claims means that no genuine issue of material fact can exist and summary judgment is mandated. *Celotex*, 477 U.S. 317, 322-23 (1986). The nonmoving party "must do more than show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**DISCUSSION & CONCLUSION**

Documentation submitted with Defendant's motion demnstrate the following. Zander was not satisfied with the repairs made to her van, asked that it be totaled, and AIG offered an amount for the Actual Cash Value of her van under the insurance policy. Zander disputed this offered amount and finally invoked the appraisal provision of the policy and appointed her appraiser. Negotiations ensued, and on January 14, 2002, the parties agreed to resolve the claim. There is no dispute that the settlement amount has been paid.

The January 14, 2002 settlement constitutes an accord and satisfaction. "An accord and satisfaction is a new contract – a contract complete in itself." *Oregon Mutual Insurance Company v. Barton*, 109 Wn. App. 405, 413, 36 P.3d 1065, 1069 (2001). This settlement agreement encompasses any bad faith claim that Zander may have had. For example, in *Barton, supra,* the Court stated:

> The court presumes that a general settlement agreement embraces all existing claims arising from the underlying incident. A strong presumption attaches that the parties have considered and settled every existing difference. To overcome this strong presumption requires "testimony so clear and convincing that the court can free the transaction from all doubt as to the intent of the parties."

*Id.* 109 Wn. App. at 414.

ORDER - 2

Zander resists the motion emphasizing the moving party's burden and the inferences to be made on a summary judgment motion and restates her "belief" as to her insurer's inappropriately handling her claim, among other things. Zander's attorney attempts to state in her own declaration that the Plaintiff's response was made from personal knowledge. Plaintiff further contends that while she eventually came to an agreement and accepted a particular amount for the total loss of her vehicle, she asserts that she did not waive her bad faith claims.

Zander's response is unavailing, as it falls far short of providing any evidence to rebut the showing made by Defendant. Accordingly, Defendant's motion must be granted.

NOW, THEREFORE, IT IS ORDERED:

1. Dawn Zander's claim for bad faith arising out of the UIM coverage of New Hampshire Indemnity Company policy of insurance number 7047812 is DISMISSED with prejudice;

2. Dawn Zander's claim for bad faith arising out of the collision coverage of New Hampshire Indemnity Company policy of insurance number 7047812 is DISMISSED with prejudice;

3. Dawn Zander's claim for attorney's fees pursuant to *Olympic Steamship v. Centennial Ins.*, 117 Wn.2d 37, 811 P.2d 673 (1991) related to her claims for bad faith arising out of the UIM coverage and collision coverage of New Hampshire Indemnity Company policy of insurance number 7047812 is DISMISSED with prejudice.

DATED this 19th day of January, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3