UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAWN ZANDER,

    Plaintiff,

  v.

NEW HAMPSHIRE INDEMNITY COMPANY,

    Defendant.

Case No. C05-5154FDB

ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER

    This cause of action arises out of a May 21, 2001 motor vehicle collision and a subsequent claim for damages presented by Plaintiff Zander to her insurance company, Defendant New Hampshire Indemnity Company.

    The discovery cutoff date in this matter was June 5, 2006. Plaintiff's deposition was taken by agreement on June 1, 2006, following Defendant's May 16, 2006 letter request. After the deposition, Plaintiff states that she determined that follow-up discovery was needed and faxed Plaintiff's second set of interrogatories and third set of requests for production on June 2, 2006 and served those documents on June 5, 2006. Defendant states that it has not consented to service by fax. Defendant moves for a protective order striking the discovery requests and stating that Defendant need not respond because the discovery was untimely.

ORDER - 1

Pursuant to Local Rule CR 16(f), "Interrogatories, requests for admissions or production, etc., must be served sufficiently early that all responses are due before this deadline," referring to the discovery completion deadline. Defendant argues that because Zander's above-referenced second set of discovery requests were not due within the time allowed for discovery, the Court should disallow the requests.

Zander contends that the late date for Plaintiff's deposition effectively precluded follow-up discovery and that as a matter of equity, Defendant's motion should be denied.

Zander has made no statement of the need for the discovery nor has she explained why she could not have asked for it earlier, other than to refer to the timing of her own deposition, which was scheduled according to her own preference. Zander also points to the provision in the discovery rules providing that responses are due 30 days from the date they are served on a party, but reference to this provision does not help Zander's argument. Zander contends that her deposition raised issues that were not previously considered as issues. The Court is not persuaded that the discovery ought to be extended beyond the cutoff date under the circumstances.

ACCORDINGLY, IT IS ORDERED: Defendant's Motion for A Protective Order [Dkt. # 71] is GRANTED and Defendant New Hampshire Indemnity Company is not required to answer Plaintiff's Second Set of Interrogatories and Third Request for Production Propounded to Defendant New Hampshire Indemnity Company.

DATED this 30th day of June, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2