UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAWN ZANDER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NEW HAMPSHIRE INDEMNITY COMPANY,<br><br>　　　　Defendant. | Case No. C05-5154 FDB<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

　　　　This lawsuit involves the administration of an auto insurance claim submitted by the insured, Dawn Zander, to her insurance carrier, New Hampshire Indemnity Company. By previous Order dated January 19, 2006 [Dkt #41] this Court dismissed Ms. Zander's claims for bad faith arising out of the UIM and collision coverage of the policy of insurance and any related claim for attorney's fees. New Hampshire now moves for dismissal of the remaining claims for bad faith and violation of the Washington Consumer Protection Act (CPA) arising out of the administration of her claim under the Personal Injury Protection (PIP) coverage of the policy. After reviewing all materials submitted by the parties and relied upon for authority, the Court is fully informed and hereby grants the motion and dismisses Plaintiff's claims for the reasons stated below.

ORDER - 1

## INTRODUCTION AND BACKGROUND

On May 26, 2001, Dawn Zander was involved in an automobile collision that caused damage to both Ms. Zander's vehicle and herself. Ms. Zander reported the accident to her insurance carrier, New Hampshire Indemnity Co. advising them that she had sustained injuries for which she would be seeking medical treatment. Ms. Zander's claim was handled by AIG Claims Services, Inc. (AIG) on behalf of New Hampshire Indemnity Co.

It is undisputed that Ms Zander received the benefits she was contractually entitled. She received $13,352.07 in benefits under the medical payment portion of her PIP coverage. This amount encompassed all requests for payment from Ms. Zander's medical treatment providers. Ms. Zander submitted claims for essential services totaling $4,600. These claims were paid. Ms. Zander also submitted claims for lost wages totaling $8,186.58. These claims were also paid.

On January 6, 2005, Plaintiff brought suit against New Hampshire Indemnity Co. asserting causes of action for violation of the CPA, bad faith, breach of contract and negligent conduct in the handling of Ms. Zander's insurance claim. Ms. Zander's claims are not premised on a denial of coverage, but on assertions that there were delays in payments of medical bills, delays in payment of wage loss and delays in payment of essential services benefits. The complaint further alleges Plaintiff was inconvenienced in attending a panel IME scheduled by her insurer and that she and her representatives (attorney) were treated to rude calls and comments by insurance company representatives.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the

ORDER - 2

opposing party must show that there is a genuine issue of material fact for trial. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp</u>., 475 U.S. 574, 586 (1986).  A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242, 248 (1986).  The opposing party may not rest upon the mere allegations or denials of the moving party's pleading, but must present significant and probative evidence to support its claim. <u>Intel Corp. v. Hartford Accident & Indem. Co</u>., 952 F.2d 1551, 1558 (9th Cir. 1991).  For purposes of this motion, reasonable doubts as to the existence of material facts are resolved against the moving party and inferences are drawn in the light most favorable to the opposing party. <u>Addisu v. Fred Meyer, Inc</u>., 198 F.3d 1130, 1134 (9th Cir. 2000). Summary judgment is mandated where the facts and the law will reasonably support only one conclusion.

**TORT OF BAD FAITH**

An insurer has a duty of good faith to its policyholder and violation of that duty may give rise to a tort action for bad faith.  <u>Smith v. Safeco Ins. Co</u>., 150 Wn.2d 478, 484, 78 P.3d 1274 (2003). The tort of bad faith has been defined as a breach of the obligation to deal fairly with an insured, giving equal consideration to the insured's interests. <u>Anderson v. State Farm Mut. Ins. Co.</u> 101 Wn.App. 323, 329, 2 P.3d 1029 (2000). The duty of good faith owed by an insurer to its insured is statutory. "The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters." RCW 48.01.030; <u>Anderson</u>, at 329.  To succeed on a bad faith claim, the policyholder must show the insurer's breach of the insurance contract was unreasonable, frivolous, or unfounded. <u>Smith</u>, at 484; <u>Overton v. Consol. Ins. Co</u>., 145 Wn.2d 417, 433, 38 P.3d 322 (2002).  The insured has the burden of establishing that the bad faith or negligence of the insurer proximately caused damages to the insured. "Claims by insureds against their insurers for bad faith are analyzed applying the same

ORDER - 3

principles as any other tort: duty, breach of that duty, and damages proximately caused by any breach of duty. Smith, at 485; Werlinger v. Clarendon Nat. Ins. Co., 129 Wn.App. 804, 808, 120 P.3d 593 (2005).

The Washington Insurance Commissioner has promulgated regulations that define specific acts and practices that constitute a breach of an insurer's duty of good faith. RCW 48.30.010; WAC 284-30-300 to -800; Tank,. at 386; American Manufacturers Mut. Ins. Co. v. Osborn, 104 Wn.App. 686, 697, 17 P.3d 1229 (2001). Ms. Zander asserts AIG violated a number of regulations and that such violations constitute bad faith.[1]

Plaintiff Zander contends AIG misrepresented the policy by initially disclosing incorrect amounts of coverages. Specifically, she alleges violations of WAC 284-30-330(1) (defining the misrepresentation of pertinent facts or policy provisions as an unfair or deceptive act), and WAC 284-30-350 (prohibiting an insurer or agent from failing to disclose to claimants all pertinent benefits or coverage). These initial misrepresentations, however, were corrected and Ms. Zander was not denied any coverages. Denial of coverage itself, based on a mistaken assumption of the insurer, is not in bad faith unless the denial is both frivolous and unfounded. Rizzuti v. Basin Travel Service of Othello, Inc., 125 Wn.App. 602, 617, 105 P.3d 1012 (2005). Here not only was there no denial of coverage, there is no evidence that Ms. Zander suffered any damage premised on the initial misrepresentation. Harm to the insured is an essential element of every bad faith claim. Werlinger, at 808; Griffin v. Allstate Ins. Co., 108 Wn.App. 133, 147, 36 P.3d 552 (2001). While a misstatement of the nature of coverage may violate WAC 284-30-330, there still must also be an injury to support a claim for damages. Sheldon v. American States Preferred Ins. Co., 123 Wn.App. 12, 17-18, 95 P.3d 391 (2004). Consequently, Ms Zander has failed to raise an issue of fact supporting a bad faith claim

---

[1] Ms. Zander continues to assert allegations of bad faith arising out of violations of WAC regulations relating to the administration of her UIM and collision coverage. These claims were dismissed by this Court's previous order and will not be revisited.

ORDER - 4

for violation of a duty of disclosure.

Ms. Zander also claims AIG failed to complete a prompt investigation of Ms. Zander's claims in violation of WAC 284-30-370 and failed to timely respond to her inquiries in violation of WAC 284-30-360. An insurer must make a good faith investigation of the facts before denying coverage and may not deny coverage based on a defense that reasonable investigation would have proved to be without merit. Indus. Indem. Co. of the N.W., Inc. v. Kallevig, 114 Wn.2d 907, 917, 792 P.2d 520 (1990). Because an insurer's duty of good faith is separate from its duty to indemnify, an insured may maintain an action for bad faith investigation of the claim even if the insurer was ultimately correct in denying coverage. Rizzuti, at 618; Coventry Assocs. v. Am. States Ins. Co., 136 Wn.2d 269, 279, 961 P.2d 933 (1998). As with other bases for a claim of bad faith, however, delay does not constitute bad faith unless it is due to a frivolous and unfounded reason. Rizzuti, at 620; Ins. Co. of the State of Pa. v. Highlands Ins. Co., 59 Wn.App. 782, 786-87, 801 P.2d 284 (1990). Here all request for payments received by AIG from the medical providers were paid. Approximately 10 months after the accident, Ms. Zander notified AIG that she had completed her medical treatment. In turn AIG closed its PIP file and provided Ms. Zander with a copy of the PIP leger demonstrating all medical providers had been paid. Ms. Zander has failed to present any evidence that there was a significant delay in the payment of her medical providers or that she was damaged by any delay in investigation or timely response to inquiries.

In summary, Ms. Zander has failed to raise a material issue of fact regarding New Hampshire Indemnity Co.'s alleged bad faith processing or investigation of her claim. Additionally she has failed to establish with specific evidence that she was harmed by New Hampshire Indemnity Co.'s alleged bad faith.

**CONSUMER PROTECTION ACT**

Zander alleges a violation of the Washington Consumer Protection Act (CPA). The CPA

ORDER - 5

provides that unfair or deceptive acts in the conduct of trade or commerce are unlawful. RCW 19.86.020. To prevail on a CPA claim, a plaintiff must prove: (1) an unfair or deceptive act or practice, (2) in trade or commerce, (3) that impacts the public interest, (4) which causes injury to the party in his business or property, and (5) which injury is causally linked to the unfair or deceptive act. Rizzuti v. Basin Travel Service of Othello, Inc., 125 Wn.App. 602, 621, 105 P.3d 1012 (2005); Industrial Indem. Co. v. Kallevig, 114 Wn.2d 907, 920-21, 792 P.2d 520 (1990). In the insurance context, the elements of a CPA claim and the tort of bad faith are similar. American Manufacturers Mut. Ins. Co. v. Osborn, 104 Wn.App. 686, 697, 17 P.3d 1229 (2001). Any act that qualifies as an unfair insurance claims settlement practice in the pertinent regulations constitutes a per se unfair trade practice impacting public interest under the Consumer Protection Act (CPA). RCW 19.86.020; WAC 284-30-330; Rizzuti, at 621; James E. Torina Fine Homes, Inc. v. Mut. of Enumclaw Ins. Co., 118 Wn.App. 12, 20-21, 74 P.3d 648 (2003).

As previously addressed, Ms. Zander has failed to create a material issue of fact supporting a violation of the unfair practices regulations or that any violation caused a compensable injury. As to the element of damages, only injuries to business or property are recoverable in a CPA claim. Anderson v. State Farm Mut. Ins. Co., 101 Wn.App. 323, 330, 2 P.3d 1029 (2000). Ms. Zander's only alleged damage to business or property interests are allegations of damage to her credit due to a delay in payments. Plaintiff, however has provided no admissible evidence that any delayed payments had an adverse effect on her credit rating.

Ms. Zander has failed to raise a material issue of fact supporting a CPA claim.

### BREACH OF CONTRACT AND NEGLIGENCE

Notwithstanding the absence of a bad faith or CPA claim, Ms. Zander asserts she may maintain a breach of contract and general negligence claim. A breach of contract is actionable only if the contract imposes a duty, the duty is breached, and the breach proximately causes damage to the

ORDER - 6

claimant. Negligence is actionable only if public policy imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant. <u>Northwest Independent Forest Mfrs. v. Department of Labor and Industries</u>, 78 Wn.App. 707, 712-13, 899 P.2d 6 (1995).

The contract claim asserts that New Hampshire Indemnity Co. breached the insurance contract by refusing to fully investigate and adequately pay Ms. Zander's PIP medical benefits claim. There is no evidence to support this claim. To the contrary, it is undisputed that Ms. Zander received the PIP benefits she was contractually entitled.

A cause of action for negligence requires the plaintiff to establish four elements: (1) the existence of a duty owed; (2) breach of that duty; (3) injury resulting from that breach; and (4) a proximate cause between the breach and the injury. <u>Tincani v. Inland Empire Zoological Soc</u>., 124 Wn.2d 121, 127-28, 875 P.2d 621 (1994). The existence of a duty may be predicated upon statutory provisions or on common law principles. When no duty of care exists, a defendant cannot be subject to liability for negligent conduct. <u>Webstad v. Stortini</u>, 83 Wn.App. 857, 865, 924 P.2d 940 (1996). An insurer has a duty of good faith to its policyholder and violation of that duty may give rise to a tort action for bad faith. <u>Smith v. Safeco Ins. Co.</u>, 150 Wn.2d 478, 484, 78 P.3d 1274 (2003). Zander's negligence claim is indistinguishable from her bad faith claim. Moreover, injury is a requisite element of all of Ms. Zander's claims. Plaintiff has failed to establish a causal relationship to any compensable injury.

**ATTORNEY'S FEES**

The Court rejects Zander's request for an award of attorney fees under <u>Olympic Steamship v. Centennial Insurance Co.</u>, 117 Wn.2d 37, 811 P.2d 673 (1991). Such an award is allowable only where there is a dispute concerning coverage. <u>Kroeger v. First Nat'l Ins. Co.</u>, 80 Wn.App. 207, 908 P.2d 371 (1996). This case is over the administration of a claim; New Hampshire Indemnity Co. did not deny the existence of coverage.

ORDER - 7

**CONCLUSION**

For the reasons set forth above, Defendant New Hampshire Indemnity Co. is entitled to summary judgment.

ACCORDINGLY,

IT IS ORDERED:

New Hampshire Indemnity Company's Motion for Summary Judgment Dismissal [Dkt. #78] is **GRANTED**, and the case dismissed in its entirety, with prejudice.

DATED this 25th day of July, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 8

ORDER - 9